ARMSTRONG ET AL. V. ARMSTRONG ET AL.

1. ELECTION OF WIDOW TO TAKE UNDER WILL LIMITED TO STATUS AS WIDOW OR DEVISEE, NOT HEIR AT LAW.
    The widow's election to take or not to take under her deceased consort's will given by Sec. 5964 Rev. Stat., is limited to the relation of widow or devisee; she cannot elect to take as heir at law property devised to her in lieu of dower and distributive share.

2. EFFECT ON DESCENT OF PROPERTY BY FAILURE OF WIFE TO TAKE UNDER HER DECEASED HUSBAND'S WILL.
    Nonancestral real estate devised in fee to a widow with no devise over in the event that she elects not to take, or fails to elect to take, under the will of her husband, notwithstanding absence of issue, does not by operation of Sec. 5964 Rev. Stat. become intestate property within the meaning of Sec. 4159, to which she is limited to a dower interest merely; but as to the fee in property devised to her for life, with power to sell, the husband will be deemed to have died intestate and she will take the fee as heir at law.

[Syllabus approved by the court.]

DEMURRER to petition on appeal from Knox common pleas.

**H. H. & R. M. Greer, J. L. Leonard** and **J. B. Graham,** for plaintiffs:

Cited and commented upon the following authorities: *Wilson* v. *Hall,* 3 Dec. 589 (6 R. 570); affirmed, without report, *Hall* v. *Wilson,* 53 Ohio St. 670; *Moyses* v. *Neilson,* 9 Dec. 623 (7 N. P. 607); *Lepley* v. *Smith,* 7 Circ. Dec. 264 (13 R. 189); *Doyle* v. *Doyle,* 50 Ohio St. 330 [34 N. E. Rep. 166].

**Waight & Moore** and **W. O. Bowers,** for defendants.

DONAHUE, J.

This cause comes into this court by appeal and is submitted on demurrer to the petition. It appears by the petition, the material alle-

gations of which are admitted by this demurrer to be true, that the defendant, Rebecca Armstrong, is the widow of John Armstrong, who died testate seized of the real estate described in the petition, all of which was acquired by purchase, leaving no children. By the terms of the will the husband devised to his widow a certain part of this real estate, but the will contains no devise over of this real estate in case the widow elected not to take under the will. It appears that the widow did elect not to take, or rather, failed to elect to take, under the provisions of the will, and now claims that the real estate devised to her in the will, by reason of her failure to take under that will, becomes intestate property and that she is entitled to take the entirety thereof as heir at law, under the provisions of Sec. 4159 Rev. Stat.

We think that Sec. 5964 Rev. Stat. is decisive of the question presented by this petition and the demurrer thereto. That section provides that, upon failure of the widow to elect to take under the will, she shall retain the dower and such other of the personal estate of the deceased consort as the widow would be entitled to receive in case the deceased consort died intestate, leaving no children. That is to say, that in such case where the widow fails to elect to take the provisions made for her by will, that by operation of Sec. 5964 the property devised to her does not become intestate property *as to her* within the meaning of Sec. 4159 Rev. Stat., but that her interest therein is the same as if the husband died intestate, leaving children. In other words, we do not believe that it is the policy of the law to permit the widow to make her election to take as *heir* at law or *devisee;* she must elect to take either as *widow* or *devisee,* and she cannot defeat her husband's will by claiming dower in all his real estate and her rights as widow in all his personal property, whether the same be devised or not, and then claim that she takes as heir the property devised to her by her husband in lieu of her dower and distributive share.

In the case of *Wilson* v. *Hall,* 3 Circ. Dec. 589 (6 R. 570), which was affirmed, without report, *Hall* v. *Wilson,* 53 Ohio St. 679, almost an identical question was presented, the only difference being that it was the husband who elected not to take, or failed to elect to take under the will within the year, and it was there held that such property would descend subject to his rights as widower, under Sec. 4176, to the children, and there being no children in that case, that except for the provisions of Sec. 5964, the entire estate would pass to and vest in the widower, but, in accordance with the provisions of Sec. 5964 Rev. Stat., notwithstanding the testatrix left no children, the widower was

Armstrong v. Armstrong.

entitled to take only the same interest that he would have taken in intestate property had the testatrix died, leaving children, and that the residue thereof would pass to the brothers and sisters of the intestate of the whole blood or their legal representatives, and distribution was ordered in that case in accordance with this finding, and that was affirmed by the Supreme Court.

The next question presented by this demurrer is, whether or not John Armstrong died intestate as to any of the real estate described in the petition. The determination of this question requires the construction of item three of his will, which reads as follows:

"I give and bequeath to my beloved wife, Rebecca Armstrong, the farm I now own situated in Porter township, Delaware county, Ohio, known as the Ramsey farm, to be hers to do as she may wish with." "I also give and bequeath to her so long as she may live the balance of my real estate and personal property with full power to sell and dispose of the same as she may wish; also to make and execute deeds for any or all of that part of my real estate that lies within the corporate limits of the village of Centerburg, Knox county, Ohio."

It is apparent that the Ramsey farm was devised to Rebecca Armstrong in fee and therefore John Armstrong did not die intestate as to any part of that real estate. But the question arises upon the further provision of this item which devised his other real estate and personal property to her "so long as she may live wtih the right to sell and dispose of the same," etc., and it is claimed that this devise, coupled with the power to sell, is a devise of the real estate in fee simple, but with this contention we cannot agree. We think that under the provision of this will Rebecca Armstrong took only a life estate in the balance of the real estate, except the Ramsey farm, and the farm devised in a former item of the will to a church society; that he died intestate as to the fee in all his other land.

In the case of *Widows' Home* v. *Lippardt*, 70 Ohio St. 261, 282 [71 N. E. Rep. 770], the Supreme Court say:

"The rule is that when an estate is devised with an absolute power of disposal, a devise over of what may remain is void, but that where a life estate only is given in express words to the first taker, with an express power in a certain event, or for a certain purpose, to dispose of the property, the life estate is not, by such power, enlarged to a fee or absolute right, and the devise over is good."

In this will we are construing there is no devise over, but the principle announced in that case is applicable to the case at bar, and

applying the same here it would appear that Rebecca Armstrong takes only a life estate in this property, and from the reading of the entire will it is apparent that that was the intention of the testator.

2 Underhill, Wills 938, Sec. 686:

"A devise of land not expressly by terms of limitation, inheritance, or succession creating a fee may be raised to a fee simple if the testator gives the devisee an absolute and unrestricted power to dispose of the land. It is not meant to say that this is the case where an estate is expressly given for the life of the devisee."

Again, in the same connection, the following language is used:

"But if the land be devised to a person expressly for life only, an estate for life only passes. The intention to create an estate for life shown by the express language which is employed will prevail over the inferences which may be created by the gift of the power; and if the devisee dies without exercising the power, the reversion of the fee will descend to the heirs of the testator or it will go to the devisee of the testator as a contingent remainder or executory devise if he has devised it over. In either event no estate in the land will pass under the power until it has been executed."

In this case she has not exercised the power, and having failed to take under the will she cannot now, and never can, exercise that power. Therefore John Armstrong died intestate as to the fee in all these lands. And the widow, notwithstanding she has failed to take under the will, may take this land as heir at law under the provision of Sec. 4159 Rev. Stat.

In the land that was specifically devised to her in fee simple, to wit, the Ramsey farm, she is entitled to take only dower therein, and this plaintiff as next of kin takes under the statute of descent and distribution.

Entertaining this view the demurrer will be overruled and the defendant, Rebecca Armstrong, is given leave to answer the plaintiffs' petition, setting up her rights and interest in these lands of which John Armstrong died intestate, as well as her dower interest in the Ramsey farm, or, if counsel desire it, the petition may be amended so as to present a separate cause of action as to the different parcels of land, and a decree may be entered finding that she is the owner of the intestate property and that she has only a dower interest in the property that was devised to her by the will of John Armstrong.

Motion for new trial will be overruled; exceptions noted.

**Taggart, J.,** concurs.